CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

SARAH E. GRISWOLD (CABN 240326)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5081
    sarah.griswold@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:25-cr-47 NW |
|     Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
|     v. | |
| JEFFREY PRICE, | |
|     Defendant. | |

    The United States hereby submits its sentencing memorandum in the above-referenced case. The Defendant pleaded guilty to Counts One and Four of the Indictment, charging him with possession of a firearm silencer without a serial number, in violation of 26 U.S.C. § 5861(i), and conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), respectively. The Defendant's total offense level is 33, his criminal history category is VI, and his Guidelines range is 235 to 293 months.

    The parties entered into the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and agreed to a sentence of 110 months of imprisonment followed by a term of three years of supervised release. (Dkt. 125 at 1:20-22, 8:24-27.) The United recommends the Court accept the

plea agreement and vary downward from the Guidelines and sentence the Defendant in accordance with the parties' agreement.

**FACTS**

On September 23, 2020, the Defendant knowingly possessed a firearm silencer meant to muffle or diminish the report of a portable firearm at a hotel in Santa Cruz County. The Defendant knew there was no serial number on the silencer. (Dkt. 125 at 2:27-3:6.) He also possessed a black rifle bipod, firearm ammunition, three thirty-round magazines, and a complete upper receiver and complete lower receiver with trigger and collapsible butt stock for an AR-15 style assault rifle. (*Id.* at 3:4, 8-10.) The Defendant also knowingly possessed methamphetamine, which was tested and determined to contain approximately 839.5 grams of actual methamphetamine, and intended to distribute it. (*Id.* at 3:10-14.)

While detained at in this case at Alameda County Santa Rita Jail in Dublin, California, the Defendant conspired with an individual outside of the jail, "Person 1," to distribute methamphetamine in Santa Rita Jail. On June 16, 2022, the Defendant spoke to Person 1 on the phone, and asked Person 1 to send him greeting cards and other pieces of paper that were sprayed or dipped in liquified methamphetamine for the purpose of selling strips or sections of these materials to other inmates in the jail. (*Id.* at 3:18-25.)

On June 29, 2022, Santa Rita Jail received three pieces of mail addressed to the Defendant from Person 1. (*Id.* at 3:26.) One piece of mail was a greeting card coated in a methamphetamine, and two envelopes contained buprenorphine. (*Id.* at 3:27-4:3.)

On September 8, 2022, the Defendant mailed one envelope containing a note he wrote requesting Person 1 to send him "Happy Letters," *i.e.*, greeting cards or other paper products coated in methamphetamine. (*Id.* at 4:4-6.) The Defendant included in the envelope a sample of an envelope made up to appear to be from an attorney to an inmate in a cell next to the Defedant's ("Inmate 1"). (*Id.* at 4:6-7.)

On September 11, 2022, the Defendant talked with Person 1 on the telephone about his sales to other inmates of the methamphetamine-sprayed paper products Person 1 was mailing him. (*Id.* at 4:8-16.) The Defendant told Person 1 over the telephone that he gave Inmate 1 methamphetamine, and that Inmate 1 had a negative reaction to the methamphetamine that required medical treatment. (*Id.* at 4:8-

9.) The Defendant also said that this methamphetamine was equal to a "couple envelopes," and that the methamphetamine was valued at about "four or five hundred dollars a bag." (*Id.* at 4:9-11.) The Defendant also told Person 1 that other inmates had approached him asking for methamphetamine, and that he was limited to what he could sell because he was "in the hole." (*Id.* at 4:11-13.)

On October 19, 2022, the Defendant mailed Person 1 an envelope containing a handwritten note asking Person 1 to spend $1,000 to $2,000 on sending him more methamphetamine-sprayed cards and paper products. (*Id.* at 4:16-18.) He included instructions for Person 1 to make the letters, to put methamphetamine in a bottle, dilute it with rubbing alcohol, and spray it on a letter or coloring book page. (*Id.* at 4:18-20.)

On December 20, 2022, Clearlake Police Department and Alameda County Sheriff Deputies executed a search warrant on Person 1's residence in Clearlake, California. (*Id.* at 4:21-22.) They recovered 17 envelopes containing greeting cards and various mail pieces from Santa Rita Jail. (*Id.* at 4:22-23.) Two of the greeting cards recovered tested positive for methamphetamine. (*Id.* at 4:23-24.) The Defendant knew these cards were coated with methamphetamine as part of the Defendant's conspiracy with Person 1 to distribute methamphetamine into Santa Rita Jail. (*Id.* at 4:27-5:3.) Sheriff Deputies also recovered a binder containing a list labeled "To Do," with one task listed as "make meth mail for JP," *i.e.*, for the Defendant. (*Id.* at 4:24-25.) A search of Person 1's vehicle revealed a plastic baggie containing approximately 3.4 grams of methamphetamine. (*Id.* at 4:25-26.)

The Court accepted the Defendant's pleas of guilty to Counts One and Four, and took the plea agreement under submission until the time of sentencing. (Dkt. 123.)

## SENTENCING GUIDELINES CALCULATION

The United States submits that the Sentencing Guidelines should be calculated as follows:

Count One:

    a. Base Offense Level, U.S.S.G. § 2K2.1:    26

Count Four:

    a. Base Offense Level, U.S.S.G. § 2D1.1(a)(5), (c)(3):    34

    b. Possession of Dangerous Weapon, U.S.S.G. § 2D1.1(b)(1):    +2

    Adjusted Offense Level:    36

Grouping:

  a. Highest Offense Level, U.S.S.G. §§ 3D1.2(c), 3D1.3:  36

  b. Acceptance of Responsibility, U.S.S.G. § 3E1.1(a), (b):  -3

  Total Offense Level:  33

The Defendant's Criminal History Category is VI. (PSR ¶ 61). At a total offense level of 33 and a Criminal History Category of VI, the Sentencing Guidelines range is 235-293 months of imprisonment. U.S.S.G. Ch. 5 Pt. A.

## SENTENCING RECOMMENDATION

The parties entered into the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and agreed to a sentence of 110 months of imprisonment followed by a term of three years of supervised release. (Dkt. 125 at 1:20-22, 8:24-27.)

In a plea agreement entered into pursuant to Rule 11(c)(1)(C) in which the parties agree to a specific sentence, as here, "such a recommendation or request binds the court once the court accepts the plea agreement."

District courts must impose sentences that promote the "sentencing goals" listed in 18 U.S.C. § 3553(a), and, "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 259, 264 (2005). The Court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the objectives of imprisonment (punishment, deterrence, incapacitation, rehabilitation), the applicable Guidelines range, the policy statements enunciated by the Sentencing Commission, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

The United recommends the Court accept the plea agreement and vary downward from the Guidelines based on the factors set forth in § 3553(a), and sentence the Defendant in accordance with the parties' agreement.

## CONCLUSION

The United States asks the Court to accept the plea agreement and sentence Jeffrey Price to 110 months of imprisonment, to be followed by three years of supervised release that includes the conditions proposed by the Probation Office as well as any other conditions deemed appropriate by this Court, no

fine, a special assessment, and forfeiture. This sentence will ensure that the Court imposes "a sentence sufficient, but not greater than necessary" consistent with its obligations under the Congressional mandate of 18 U.S.C. § 3553(a).

DATED: November 24, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
SARAH E. GRISWOLD
Assistant United States Attorney